Ex parte LEE KOW.

(Circuit Court, N. D. New York. May 7, 1908.)

1. ALIENS—EXCLUSION—CHINESE—JURISDICTION.

A proceeding for the exclusion of a Chinese alien in the first instance is within the jurisdiction of the Chinese inspector, from whom an appeal may be taken to the Department of Commerce and Labor, after which resort made be had to the courts if the decision is adverse to the person seeking admission.

2. HABEAS CORPUS—GROUNDS FOR RELIEF.

An adverse determination of a proceeding for the exclusion of a Chinese alien by the immigration officer or the Department of Commerce and Labor, when a fair hearing was had, will not be set aside by the courts on habeas corpus unless the evidence is such as to require a finding that the decision was arbitrary, unwarranted and an abuse of discretion.

3. JUDGMENT—COLLATERAL ATTACK—JUDGMENTS SUBJECT TO ATTACK—JUDICIAL OFFICERS.

When a question of fact is presented for decision by an immigration officer or Chinese inspection officer, and is honestly passed on after full hearing, the decision based on legal evidence is conclusive on the courts.

Habeas Corpus. This petition is made by R. M. Moore, an attorney at law of the city of New York, in behalf of said Lee Kow, a Chinese person.

R. M. Moore, for petitioner.

Geo. B. Curtiss, U. S. Atty., and H. B. Owen, Asst. U. S. Atty.

RAY, District Judge. The writ was allowed by Judge Coxe, and made returnable at the April term held by me. I have carefully examined the record to ascertain if the rights of the petitioner have been in any way infringed.

This is one of the cases coming within the jurisdiction of the Chinese inspector in the first instance, and from whose decision an appeal may be taken to the Department of Commerce and Labor. Then resort may be had to the courts, in case the decision is adverse to the Chinese person seeking admission. United States v. Ju Toy, 198 U. S. 253, 25 Sup. Ct. 644, 49 L. Ed. 1040; Ex parte Jong Jim Hong (C. C.) 157 Fed. 447, 450. The petitioner here shows neither unlawful action nor an abuse of discretion or power by the immigration officers or by the Department of Commerce and Labor. The decision made was neither arbitrary nor unwarranted, and the evidence was not so conclusive as to warrant a court in saying that there has been an abuse of power or discretion. Unless the court must say this or is forced to this conclusion by the record, it is its duty to dismiss the writ. See cases cited. In this case the record discloses that a full and a fair hearing and rehearing, with additional testimony taken, were had before the inspector, and that on appeal there was, in substance, a hearing and a rehearing with more testimony in behalf of the petitioner. The record further discloses that unusual care was taken, and that unusual consideration was given to this case by the department. I find no prejudicial error; no evidence of prejudice; no abuse of discretion or power. All the hearings were full and fair, and on the evidence adduced there was a fair question of fact pre-

sented. This court cannot grant a writ and in effect reverse and set aside the decisions of the inspector and department on the ground it may think there was sufficient evidence to warrant a decision the other way, or that there was a preponderance of evidence in favor of the petitioner. See cases cited. When a question of fact is presented for the decision of these quasi judicial officers, and that question is honestly passed upon, it is final and conclusive on the courts, if a full opportunity to be heard was given. The hearing was full and fair, and the decision was based on legal evidence. Here the evidence was fully considered and weighed, and with the conclusion reached this court fully agrees.

The writ must be dismissed.